Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiffs*,

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUCINE TRIM**, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> **HIGHER LEVEL PROCESSING INC.; BREA FINANCIAL GROUP, LLC, THE, D/B/A PUB CLUB LEADS;** DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:19-CV-10751-DDP-AGR <br><br> **CLASS ACTION** <br><br> **FIRST AMENDED COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] <br> 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, LUCINE TRIM (formerly Lucine Alsuliman, and hereinafter "Plaintiff"), individually and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendants HIGHER LEVEL

---

**FIRST AMENDED CLASS ACTION COMPLAINT**
-1-

PROCESSING INC. (hereinafter "HIGHER LEARNING") and BREA FINANCIAL GROUP, LLC, THE, d/b/a PUB CLUB LEADS (hereinafter "BREA GROUP"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.  Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in California state. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.  Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and Plaintiff resides within this District.

## PARTIES

4.  Plaintiff is a natural person residing in Los Angeles County of the state of California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

5.  HIGHER LEARNING is an educational consulting company and is a "person" as defined by *47 U.S.C. § 153 (10)*.

6.  BREA GROUP is a company in the business of marketing and research, including offering lead generation services for businesses, and is a "person" as defined by *47 U.S.C. § 153(39)*.

7.  Hereinafter, the above named Defendants, and their subsidiaries and

**FIRST AMENDED CLASS ACTION COMPLAINT**
-2-

agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

9. Beginning on or around October 19, 2018, HIGHER LEARNING contacted Plaintiff on her cellular telephone, ending in -2347, in an effort to sell or solicit its services.

10. On information and belief, HIGHER LEARNING hired BREA GROUP to generate leads on HIGHER LEARNING's behalf. That is, HIGHER LEARNING hired BREA GROUP to provide contact information of potential leads with whom HIGHER LEARNING might solicit services. HIGHER LEARNING would call Plaintiff and others similarly situated based on leads generated by BREA GROUP.

11. BREA GROUP had knowledge that the leads it sold to HIGHER LEARNING would likely be used to place calls for solicitation purposes in a manner that implicated the Telephone consumer protection act, including to persons whose phone numbers were on the Do Not Call registry, and to consumer cellular phones with an automatic telephone dialing system.

12. The leads were sold to HIGHER LEARNING and other companies for the express purpose of providing a TCPA compliant lead, i.e. one in which there was prior express written consent and/or an established business relationship.

13. On information and belief, such representations were made to HIGHER LEARNING by BREA GROUP, who hires publishers to create websites that "generate" opt in information. However, these publishers and their websites do not in fact generate legitimate opt in data, and instead, the websites are a sham whereby publishers, hired by BREA GROUP, obtain consumer data through alternative means, for the purpose of laundering such consumer data and thereby manufacturing prior express consent.

14. For example, BREA GROUP represents that Plaintiff visited website www.studentloancenter.org and provided her written consent to opt into the website. The website shows the following web portal:



**FIRST AMENDED CLASS ACTION COMPLAINT**
-4-

15. BREA GROUP produced opt in data to HIGHER LEARNING, which provided, among other information, an address for Plaintiff. However, as can be seen from the opt in portal on the website above, such website never asks a consumer for their address. Additionally, the source code for the website never asks for the address of the consumer. Accordingly, the only technologically-feasible conclusion is that the consumer data did not come from that website, and was repurposed by BREA GROUP and/or its third party publishers after having been obtained from another source.

16. Courts have certified similar class actions based on a similar manufactured consent theory. See *McCurley v. Royal Seas Cruises, Inc.*, 331 F.R.D. 142 (S.D. Cal., 2019).

17. Plaintiff alleges on information and belief that a forensic inspection of the database for the websites in question will reveal that the web traffic analytics for these websites do not line up with the data which web publishers purportedly claim comes from these websites.

18. Plaintiff also alleges on information and belief that a forensic in section of the consent database will reveal that other consumer data contained therein contain similar technologically-infeasible anomalies that will indicate that the "consent" data was manufactured.

19. While BREA GROUP did not itself place the call to Plaintiff and other Class Members, it may as well have, given that it sold manufactured leads into the stream of commerce with full knowledge of what they would be used for. Juries have held lead generators liable under similar circumstances. See *Craig Cunningham v Michael Montes, Jr.* et al. Case No. 3:16-cv-00761-jdp (W.D. WI). Accordingly, Plaintiff alleges that BREA GROUP was sufficiently involved in the placing of calls to be vicariously liable for the calls at issue in this case. Moreover, BREA GROUP is equitably the most responsible Defendant in this action, given

that it allegedly sold bogus leads data to HIGHER LEARNING and other unwitting companies.

20. Defendants used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its daily calls to Plaintiff seeking to sell or solicit its business services. At one or more instance during these calls, Defendants utilized an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

21. Defendants' calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

22. Defendants' calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

23. Plaintiff is not a customer of Defendants' services and has never provided any personal information, including her cellular telephone number, to Defendants for any purpose whatsoever. Accordingly, Defendants never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

25. Plaintiff represents, and is a member of, The Class, consisting of All

persons within the United States who received any telephone calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendants within the four years prior to the filing of this Complaint.

26. Defendants, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

27. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendants.

28. Plaintiff and members of The Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiff and Class members.

29. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a.    Whether, within the four years prior to the filing of this Complaint,

       Defendants made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

  b.    Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

  c.    Whether Defendants should be enjoined from engaging in such conduct in the future.

30.    As a person that received numerous calls from Defendants using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

31.    Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

32.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

33.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such

adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

34. Defendants acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

### FIRST CAUSE OF ACTION
**Negligent Violations of the Telephone Consumer Protection Act
47 U.S.C. §227 et seq.**

35. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

36. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

37. As a result of Defendants' negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

38. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act
47 U.S.C. §227 et seq.**

39. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-27.

40. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

41. As a result of Defendants' knowing and/or willful violations of *47*

*U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

42.  Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants for the following:

## FIRST CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

- As a result of Defendants' negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*; and

- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and

- Any and all other relief that the Court deems just and proper.

Respectfully submitted this 20th day of March, 2020.

                LAW OFFICES OF TODD M. FRIEDMAN, P.C.

                By:  <u>/s Todd M. Friedman</u>
                        Todd M. Friedman
                        Law Offices of Todd M. Friedman
                        Attorney for Plaintiff